UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

JAMES HIMES,

    Plaintiff,

v.

ST. PETERSBURG KENNEL CLUB, INC.
d/b/a DERBY LANE,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAMES HIMES ("Mr. Himes" or "Plaintiff") files this Complaint against Defendant, ST. PETERSBURG KENNEL CLUB, INC. d/b/a DERBY LANE ("Derby Lane" or "Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay,

declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his FMLA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Plaintiff worked for Defendant in Pinellas County, Florida, and this venue is therefore proper.

6. Defendant is a Florida profit corporation that is located and does business in Pinellas County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

9. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

10. Defendant was at all times an "employer" as envisioned by the FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

11. On or around November 17, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission

("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

12. More than 180 days have passed since the filing of the Charge of Discrimination.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Mr. Himes worked for Derby Lane as a Line Cook at one of its concession stands from August 23, 2019, until his termination on September 11, 2020.

16. Derby Lane's greyhound racing facility closed on March 21, 2020, due to the mounting coronavirus/COVID-19 pandemic.

17. Racing resumed on May 18, 2020, but Mr. Himes was not called to come back to work until early June of 2020.

18. At that time, Mr. Himes disclosed to Larry Streuer in Derby Lane's Human Resources Department that he suffers a disability and serious health condition, namely that he is, and has for many years been, HIV-positive.

4

19. Mr. Himes therefore requested a period of continuous FMLA leave due to the unique risks that COVID-19 poses to immunocompromised individuals.

20. It is worth noting in this context that Derby Lane had, at the time, a poster in its break room noting that quarantine and self-isolation were key elements in trying to get COVID-19 under control, and further acknowledging that quarantine and self-isolation were particularly important for individuals, such as Mr. Himes, whose immune systems were weak or compromised.

21. Nevertheless, Mr. Streuer responded to Mr. Himes's disclosure of his disability and his serious health condition, and his prudent and reasonable request for FMLA leave by telling Mr. Himes that he somehow "wasn't eligible" for FMLA leave and that his "HIV status [was] not an excuse to not work."

22. Mr. Streuer remained headstrong and unreasonable, stating that if Mr. Himes could not work as scheduled, he should consider resigning, and threatening Mr. Himes that if he did not show up as scheduled, Derby Lane would terminate his employment.

23. Mr. Himes continued to press the issue of his serious health condition and his need for reasonable accommodations.

24. Eventually, Mr. Himes was given an FMLA Medical Certification form, was approved for FMLA leave and returned from FMLA leave on August 11, 2020.

25. Mr. Himes's supervisors at Derby Lane questioned him minutely in retaliation for his disability, in retaliation for him being HIV-positive, and in retaliation for his utilization of FMLA leave for his serious health condition in a time of global pandemic, asking him why he felt coming back "was any different."

26. Mr. Streuer also accused Mr. Himes of "manipulation" and of not being serious about coming back to work.

27. Mr. Streuer kept accusing Mr. Himes of "manipulation," kept encouraging Mr. Himes to resign his employment voluntarily, and kept threatening that Derby Lane would terminate Mr. Himes's employment.

28. Throughout the rest of the month and into September of 2020, Mr. Streuer was distinctly cold and aloof towards Mr. Himes.

29. On September 11, 2020, Derby Lane's relentless campaign of discrimination based on disability and HIV status, and of interference and retaliation in violation of the FMLA, culminated when Derby Lane informed Mr. Himes that it had decided to terminate his employment, effective immediately.

30. Derby Lane offered the truly nonsensical excuse that Mr. Himes had somehow "stolen company property" because he took home and ate the remains of an out-of-date dessert food item.

31. Derby Lane's reasoning for Mr. Himes termination is a pretext to cover up its discriminatory animus motivating Mr. Himes termination.

32. Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the FCRA, and the FMLA were intended to prevent.

33. In reality, Defendant's termination of Mr. Himes stemmed from its discriminatory animus toward his very recent use of FMLA leave, and his need for accommodation under the FCRA.

34. The timing of Plaintiff's termination makes the causal connection between his use of FMLA leave, his request for reasonable accommodation under the FCRA, and his termination sufficiently clear.

35. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

36. Mr. Himes is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of his job as a Line Cook.

37. Allowing Mr. Himes to utilize a period of unpaid leave, without penalty or negative repercussions, such as termination, would have been a reasonable accommodation.

38. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the FCRA.

39. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the FCRA.

40. Defendant was aware of Plaintiff's FCRA-protected disability and need for accommodation.

41. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

42. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requesting reasonable accommodation, and disclosing his HIV status.

43. In short, despite the availability of reasonable accommodation under the FCRA, Defendant discriminated against Mr. Himes based solely upon his disability.

44. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

45. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

46. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

47. Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

48. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the FCRA.

49. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is protected class member as envisioned by the the FCRA.

50. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

51. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

52. Defendant also retaliated against Plaintiff for utilizing FMLA leave.

53. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

54. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and disability discrimination and retaliation.

55. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Himes notifying Derby Lane of his serious health condition, and in retaliation for Mr. Himes utilizing unpaid leave pursuant to the FMLA in order to address same.

56. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his use and/or attempted utilization of what should have been protected FMLA leave.

57. Defendant's actions are the exact type of unfair and retaliatory employment practices the FCRA, and FMLA were intended to prevent.

58. Defendant did not have a good faith basis for its actions.

59. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

60. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

61. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

62. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

63. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4 through 8, 15 through 34, 51 through 62, above.

64. At all times relevant hereto, Plaintiff was protected by the FMLA.

65. At all times relevant hereto, Defendant interfered with Plaintiff by harassing him for his use of FMLA therefore discouraging him from requesting or taking FMLA leave.

66. Defendant denied Plaintiff FMLA benefits he was otherwise entitled to.

67. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

68. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

69. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief,

declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

70. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4 through 8, 15 through 34, 51 through 62, above.

71. At all times relevant hereto, Plaintiff was protected by the FMLA.

72. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use of FMLA-protected leave, and for objecting to retaliation.

73. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

74. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

75. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

76. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

77. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 9 through 50, 57 through 62, above.

78. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

79. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

80. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

81.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

82.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

83.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

84.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 9 through 50, 57 through 62, above.

85.     Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodations.

86.     Plaintiff's objections, and requests for accommodations constituted

protected activity under the FCRA.

87. Plaintiff was terminated as a direct result of his objection to what he reasonably believed to be disability discrimination, and for requesting reasonable accommodations.

88. Plaintiff's objections to Defendant's illegal conduct, his requests for reasonable accommodations, and his termination, are causally related.

89. Defendant's stated reasons for Plaintiff's termination are a pretext.

90. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

91. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

92. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

93. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 8th day of September 2022.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com